UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF GEORGIA
BRUNSWICK DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA ) | |
| ) | |
| v.                       ) | CASE NO.: 2:21-CR-034 |
| ) | |
| JAVIER SANCHEZ MENDOZA, JR. ) | |

## PLEA AGREEMENT

Defendant Javier Sanchez Mendoza, Jr., represented by his counsel Steven G. Blackerby, and the United States of America, represented by Assistant United States Attorney Tania D. Groover, have reached a plea agreement in this case. The terms and conditions of that agreement are as follows.

1. Guilty Plea

Defendant agrees to waive indictment and enter a plea of guilty to Count One of the Information, which charges a violation of 18 U.S.C. § 1594(b).

2. Elements and Factual Basis

The elements necessary to prove the offense charged in Count One are (1) the defendant conspired with one or more persons to knowingly benefit financially or receive anything of value; (2) from the participation in a venture that engaged in providing or obtaining of labor or services of a person; and (3) by means of the abuse or threatened abuse of law or legal process, or by means of any scheme, plan, or pattern intended to cause a person to believe that if that person did not perform such labor or services, that person or another person would suffer serious harm or physical restraint.

Defendant agrees that he is, in fact, guilty of Count One. He agrees to the accuracy of the following facts, which satisfy each of the offense's required elements: beginning at a time unknown to the Grand Jury, but at least from on or about August 14, 2018, and continuing through on or about November 4, 2019, the precise dates being unknown, in Glynn County, Wayne County, and Pierce County, within the Southern District of Georgia, and elsewhere, the defendant, aided and abetted by others known and unknown, with some joining the conspiracy earlier and others joining later, did knowingly and willfully combine, conspire, confederate and agree with other persons known and unknown to the Grand Jury, to commit an offense against the United States, that is, did knowingly benefit financially from participation in a venture which has engaged in the providing and obtaining of labor and services by unlawfully charging foreign workers to obtain an H-2A visa and by unlawfully withholding their identification documents, by means of the abuse and threatened abuse of law and legal process and by means of a scheme, plan, and pattern intended to cause foreign workers to believe that, if such foreign workers did not perform such labor and services, that the foreign workers would suffer serious harm or physical restraint in violation of Title 18, United States Code, Sections 2, 1589(b), and all in violation of Title 18, United States Code, Section 1594(b).

3.  Possible Sentence

Defendant's guilty plea will subject him to the following maximum possible penalties for Count One: imprisonment for any term of years or life, a fine of not more than $250,000, a term of supervised release of not more than 5 years, a $100

special assessment, a second special assessment of $,5000 pursuant to 18 U.S.C.§ 3014, and mandatory restitution in an amount to be determined by the Court pursuant to 18 U.S.C. § 1593.

4.  No Promised Sentence

No one has promised Defendant that the Court will impose any particular sentence or a sentence within any particular range.  The Court is not bound by any estimate of sentence given or recommendations made by Defendant's counsel, the government, the U.S. Probation Office, or anyone else.  The Court may impose a sentence up to the statutory maximum. Defendant will not be allowed to withdraw his plea of guilty if he receives a more severe sentence than he expects.

5.  Court's Use of Guidelines

The Court is obligated to use the United States Sentencing Guidelines to calculate the applicable guideline range for Defendant's offense and to consider that range, possible departures under the Sentencing Guidelines, and other sentencing factors under 18 U.S.C. § 3553(a), in determining his sentence.  The Sentencing Guidelines are advisory; the Court is not required to impose a sentence within the range those Guidelines suggest.  The Sentencing Guidelines are based on all of Defendant's relevant conduct, pursuant to U.S.S.G. § 1B1.3, not just the facts underlying the particular Count to which Defendant is pleading guilty.

6.  Agreements Regarding Sentencing Guidelines

   a.  Use of Information

The government is free to provide full and accurate information to the Court and U.S. Probation Office for use in calculating the applicable Sentencing Guidelines range.

    b.    <u>Acceptance of Responsibility</u>

The government will not object to a recommendation by the U.S. Probation Office that Defendant receive a two-level reduction in offense level for acceptance of responsibility pursuant to Section 3E1.1(a) of the Sentencing Guidelines. If the U.S. Probation Office makes that recommendation, and Defendant's offense level is 16 or greater prior to any reduction for acceptance of responsibility, the government will move for an additional one-level reduction in offense level pursuant to Section 3E1.1(b) of the Sentencing Guidelines based on Defendant's timely notification of his intention to enter a guilty plea.

7.    <u>Dismissal of Indictment</u>

At sentencing, the government will move to dismiss the pending Indictment in Southern District of Georgia, criminal case number 2:20-CR-49.

8.    <u>Cooperation</u>

    a.    <u>Complete and Truthful Cooperation Required</u>

Defendant must provide full, complete, candid, and truthful cooperation in the investigation and prosecution of the offenses charged in his Indictment and any related offenses. Defendant shall fully and truthfully disclose his knowledge of those offenses and shall fully and truthfully answer any question put to him by law enforcement officers about those offenses.

This agreement does not require Defendant to "make a case" against any particular person. His benefits under this agreement are conditioned only on his cooperation and truthfulness, not on the outcome of any trial, grand jury, or other proceeding.

b. <u>Motion for Reduction in Sentence Based on Cooperation</u>

The government, in its **sole discretion**, will decide whether Defendant's cooperation qualifies as "substantial assistance" pursuant to U.S.S.G. § 5K1.1 or Fed. R. Crim. P. 35 and thereby warrants the filing of a motion for downward departure or reduction in Defendant's sentence. If such a motion is filed, the Court, in its sole discretion, will decide whether, and to what extent, Defendant's sentence should be reduced. The Court is not required to accept any recommendation by the government that the Defendant's sentence be reduced.

9. <u>Restitution</u>

Defendant agrees to pay restitution ordered by the Court for the full loss caused by Defendant's total criminal conduct. Defendant agrees that restitution is not limited to the specific counts to which Defendant is pleading guilty. Any restitution judgment is intended to and will survive Defendant, notwithstanding the abatement of any underlying criminal conviction. Defendant acknowledges that restitution is mandatory pursuant to 18 U.S.C. § 1593.

10. <u>Waivers</u>

a. <u>Waiver of Appeal</u>

Defendant entirely waives his right to a direct appeal of his conviction and sentence on any ground (including any argument that the statute to which the defendant is pleading guilty is unconstitutional or that the admitted conduct does not fall within the scope of the statute). The only exceptions are that the Defendant may file a direct appeal of his sentence if (1) the court enters a sentence above the statutory maximum, (2) the court enters a sentence above the advisory Sentencing Guidelines range found to apply by the court at sentencing; or (3) the Government appeals the sentence. Absent those exceptions, Defendant explicitly and irrevocably instructs his attorney not to file an appeal.

 b. <u>Waiver of Collateral Attack</u>

Defendant entirely waives his right to collaterally attack his conviction and sentence on any ground and by any method, including but not limited to a 28 U.S.C. § 2255 motion. The only exception is that Defendant may collaterally attack his conviction and sentence based on a claim of ineffective assistance of counsel.

 c. <u>FOIA and Privacy Act Waiver</u>

Defendant waives all rights, whether asserted directly or through a representative, to request or receive from any department or agency of the United States any record pertaining to the investigation or prosecution of this case under the authority of the Freedom of Information Act, 5 U.S.C. § 552, or the Privacy Act of 1974, 5 U.S.C. § 552a, and all subsequent amendments thereto.

 d. <u>Fed. R. Crim. P. 11(f) and Fed. R. Evid. 410 Waiver</u>

Rule 11(f) of the Federal Rules of Criminal Procedure and Rule 410 of the Federal Rules of Evidence ordinarily limit the admissibility of statements made by a defendant during the course of plea discussions or plea proceedings. Defendant knowingly and voluntarily waives the protections of these rules. If Defendant fails to plead guilty, or his plea of guilty is later withdrawn, all of Defendant's statements in connection with this plea, and any leads derived therefrom, shall be admissible for any and all purposes.

11. <u>Possible Immigration Effects</u>

Pleading guilty may have consequences with respect to immigration status if Defendant is not a citizen of the United States. Under federal law, a broad range of crimes are removable offenses. Removal and other immigration consequences are the subject of a separate proceeding. No one, including Defendant's attorney or the district court, can predict to a certainty the effect of his conviction on his immigration status. Defendant nevertheless agrees to plead guilty regardless of any immigration consequences, even if the consequence is his removal from the United States.

12. <u>Defendant's Rights</u>

Defendant has the right to be represented by counsel, and if necessary have the court appoint counsel, at trial and at every other critical stage of the proceeding. Defendant possesses a number of rights which he will waive by pleading guilty, including: the right to plead not guilty, or having already so pleaded, to persist in that plea; the right to a jury trial; and the right at trial to confront and cross-examine

adverse witnesses, to be protected from compelled self-incrimination, to testify and present evidence, and to compel the attendance of witnesses.

13. Satisfaction with Counsel

Defendant has had the benefit of legal counsel in negotiating this agreement. Defendant believes that his attorney has represented him faithfully, skillfully, and diligently, and he is completely satisfied with the legal advice given and the work performed by his attorney.

14. Breach of Plea Agreement

If Defendant breaches the plea agreement, withdraws his guilty plea, or attempts to withdraw his guilty plea, the government is released from any agreement herein regarding the calculation of the advisory Sentencing Guidelines or the appropriate sentence. In addition, the government may (1) declare the plea agreement null and void, (2) reinstate any counts that may have been dismissed pursuant to the plea agreement, and/or (3) file new charges against Defendant that might otherwise be barred by this plea agreement. Defendant waives any statute-of-limitations or speedy trial defense to prosecutions reinstated or commenced under this paragraph.

15. Entire Agreement

This agreement contains the entire agreement between the government and Defendant.

DAVID H. ESTES
ACTING UNITED STATES ATTORNEY

_____  _____
Date                 Karl I. Knoche
                     Georgia Bar No. 426624
                     Assistant United States Attorney
                     Chief, Criminal Division

8/16/21              /s/ Tania Groover
Date                 _____
                     Tania D. Groover
                     Georgia Bar No. 127947
                     Assistant United States Attorney

I have read and carefully reviewed this agreement with my attorney. I understand each provision of this agreement, and I voluntarily agree to it. I hereby stipulate that the factual basis set out therein is true and accurate in every respect.

8/10/21              _____
Date                 Javier Sanchez Mendoza, Jr.
                     Defendant

I have fully explained to Defendant all of his rights, and I have carefully reviewed each and every part of this agreement with him. I believe that he fully and completely understands it, and that his decision to enter into this agreement is an informed, intelligent, and voluntary one.

8/10/21              _____
Date                 Steven G. Blackerby
                     Defendant's Attorney

9